

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 28, 1947

Hon. Perry L. Jones,
County Attorney,
Travis County,
Austin, Texas

Opinion No. V-270

Re: Constitutionality of
H. B. 100, Acts 50th
Legislature, 1947,
relative to compensa-
tion of county treas-
urers.

Dear Sir:

     We refer to your letter of April 24, 1947,
to this Department which is as follows:

> "The current Legislature has passed
> House Bill No. 100 permitting the Commis-
> sioners' Court in 'counties of Texas hav-
> ing a population of more than ninety thou-
> sand (90,000), and less than one hundred
> and twelve thousand (112,000), according
> to the last preceding Federal Census,' to
> pay the County Treasurer up to thirty-six
> hundred ($3600.00) Dollars per year.
>
> "In as much as this is one of the so-
> called 'Bracket Bills', I am writing, at
> the request of the County Auditor, to get
> your opinion as to whether or not this Bill
> is constitutional particularly in regard to
> the bracket matter. I am enclosing a copy
> of House Bill No. 100."

     The pertinent part of the Bill is as fol-
lows:

> "Section 1. Section 13, Subsection
> (d), Chapter 465, General and Special Laws,
> Forty-fourth Legislature, Second Called
> Session, as amended by House Bill No. 161,
> Regular Session, Forty-sixth Legislature,
> as amended by Chapter 61, Acts, Forty-sev-
> enth Legislature, is hereby amended to here-
> after read as follows:

"'(d)  The Commissioners Court of
the respective counties of Texas having
a population of more than ninety thousand
(90,000), and less than one hundred and
twelve thousand (112,000), according to
the last preceding Federal Census, are
hereby authorized to fix the salary of
the County Treasurer of the particular
county at a sum not less than Six Hundred
Dollars ($600) per year, nor more than
Thirty-six Hundred Dollars ($3600) per
year.'"

The provisions of Article III of the Consti-
tution applicable are as follows:

"Sec. 56.  The Legislature shall
not, except as otherwise provided in
this constitution, pass any local or spec-
ial law, authorizing: . . .

"Regulating the affairs of counties,
cities, towns, wards or school districts;
. . ."

Section 13 of Article 3912e is in part as
follows:

"Sec. 13.  The Commissioners'
Court in counties having a population
of twenty thousand (20,000) inhabi-
tants or more, and less than one hun-
dred and ninety thousand (190,000) in-
habitants according to the lase pre-
ceding Federal Census, is hereby auth-
orized and it shall be its duty to fix
the salaries of all the following
named officers, to-wit:  sheriff, as-
sessor and collector of taxes, county
judge, county attorney, including crim-
inal district attorneys and county at-
torneys who perform the duties of dis-
trict attorneys, district clerk, coun-
ty clerk, treasurer, hide and animal
inspector.  Each of said officers shall
be paid in money an annual salary in
twelve (12) equal installments of not
less than the total sum earned as com-
pensation by him in his official cap-

acity for the fiscal year 1935, and not
more than the maximum amount allowed
such officer under laws existing on Aug-
ust 24, 1935; . . ."

It will be noted that the bill in question
is made applicable to those counties having a popula-
tion of more than 90,000 and less than 112,000. Upon
checking the population census of each county of the
State, we find that at the present time there are four
counties in the State having a population of more than
90,000 and less than 112,000, to-wit: Travis, 111,053;
Hidalgo, 106,059; McLennan, 101,898; and Nueces, 92,-
661. The population census further reveals that El
Paso County has a population of 131,597. The general
provisions of all the statutes setting the salaries
of county treasurers in counties with a population of
not less than 20,000 and not more than 190,000 inhab-
itants fixes a maximum salary of $2,000.00 per annum
(Art. 3912e, Sec. 13, and Article 3943, V.C.S.); to-
gether with the 25% increase as allowed by S. B. 123,
Acts 49th Legislature; Sec. 13 of Article 3912e, supra.
Inasmuch as there is no other law governing the treas-
urer's salary which is applicable to El Paso County,
said salary is governed by the provisions of Section
13 of Article 3912e, supra, as amended in 1945, and
the maximum salary which the treasurer of El Paso Coun-
ty may receive is $2,500.00, even though its popula-
tion is far in excess of that of any county coming with-
in the bracket of H. B. 100.

The Bill further provides for a minimum
salary of not less than $600 per annum, while the Gen-
eral Laws (Art. 3912e, Sec. 13) sets minimum salaries
of the county treasurers in counties with a population
of not less than 20,000 nor more than 190,000 inhabi-
tants at not less than the total sum earned as compen-
sation by them in their official capacities for the
fiscal year 1935. Therefore, the Commissioners' Courts
of the particular counties coming within the bracket
of the Bill can set the salaries of the county treas-
urer in their respective counties at a much less sal-
ary than provided for by Article 3912e, Sec. 13, even
though the county treasurer is serving in a county
whose population is far in excess of those counties
wherein the minimum salary of the county treasurer is

not less than that earned in 1935, and much greater
than $600 per annum.

The question for decision here is whether
the classification is arbitrary and unreasonable or
whether the population of the counties embraced with-
in the bill bears a reasonable or logical relation-
ship to the question of the amount of work required
of the county treasurer and the need for an increase
in the annual salary of said officer. In other words,
whether the Legislature may legally classify these
four counties and authorize the Commissioners' Courts
thereof to pay their respective county treasurers an
annual salary of $3600.00 when El Paso County (a much
larger county) is only authorized to pay its treasur-
er an annual salary not to exceed $2500.00 per annum.

In regard to local and special laws, the
Texas Supreme Court in Bexar County v. Tynan, 97 S.W.
2d 467, held void an act of the Legislature which
fixed the compensation of the county officers in coun-
ties of not less than 290,000 nor more than 310,000
at an amount less than officers in some counties of
smaller population could receive. We quote from the
opinion as follows:

"... the Legislature may classi-
fy counties upon a basis of population
for the purpose of fixing compensation
of county and precinct officers, yet in
doing so the classification must be based
upon a real distinction, and must not be
arbitrary or a device to give what is in
substance a local or special law the form
of a general law. . .

"'The rule is that a classification
cannot be adopted arbitrarily upon a
ground which has no foundation in differ-
ence of situation or circumstances of the
municipalities placed in the different
classes. There must be some reasonable
relation between the situation of munici-
palities reclassified and the purposes
and objects to be attained. There must be
something . . . which in some reasonable
degree accounts for the division into
classes.'

"In the case of Clark v. Finley,
93 Tex. 171, 54 S. W. 343, this Court recog-
nized that substantial differences in popu-
lations of counties could be made a basis
of legislation fixing compensation of offi-
cers, on the theory, as the Court clearly
recognized, that the work devolving upon an
officer was in some degree proportionate to
the population of the county. This has fre-
quently been recognized by courts as creat-
ing a sufficient distinction to justify a
larger compensation for county officers in
counties having a large population as com-
pared with compensation to like officers in
counties having a small population. Con-
versely, we think it true that if the Legis-
lature ignores the obvious fact that the
work of county officers is proportionate to
population and classifies counties in such
a way that the compensation of officers of
a county having a large population is fixed
far below the compensation allowed like of-
ficers in small counties, such action a-
mounts to fixing a classification which is
arbitrary and which has no true relevancy
to the purpose of the legislation." (Empha-
sis ours)

It is readily apparent that H. B. No. 100
authorizes payment of salaries to county treasurers in
four counties greatly in excess of the salary allowed
the county treasurer of El Paso County, a county with a
much larger population, under the general law in which
all of such counties are embraced. Section 13 of Arti-
cle 3912e, supra.

If this is not a local or special law, what
reason can be assigned for holding it to be a general
law? Can it be said that the classification is reason-
able and not arbitrary or that the classification is
real when it allows the county treasurers in counties of
a much smaller population to receive a much greater sal-
ary than the county treasurers in all the other counties
having a population of at least 112,000 and not more than
190,000 (including El Paso County) and when also at the
same time it allows the Commissioners' Courts of counties
having a much greater population to set the salaries of
the county treasurers in those counties coming within its
brackets as low as $600 per annum, a much less salary
than may be allowed the county treasurers under Section
13 of Article 3912e, supra, even though the county might

not have a population of more than 20,000 inhabitants? We think not.

Therefore, in view of the foregoing, you are respectfully advised that it is the opinion of this Department that H. B. No. 100 is in contravention of Section 56 of Article III of the Constitution and is a local or special law and, therefore, is invalid and unconstitutional in this respect.

### SUMMARY

House Bill No. 100, 50th Legislature, providing for the fixing of salaries of county treasurers in counties having a population between 90,000 and 112,000 is unconstitutional, the classification being unreasonable and not real. Bexar Co. v. Tynan, 97 S. W. 2d 467.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:djm:WB

APPROVED:

*Price Daniel*

ATTORNEY GENERAL